**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: EASYSAVER REWARDS LITIGATION, | No. 13-55373 |
| JOSUE ROMERO; DEANNA HUNT; KIMBERLY KENYON; GINA BAILEY; ALISSA HERBST; GRANT JENKINS; BRADLEY BERENTSON; JENNIFER LAWLER; DANIEL COX; JONATHAN WALTER; CHRISTOPHER DICKEY, | D.C. No. 3:09-cv-02094-AJB-WVG |
| Plaintiffs - Appellees, | ORDER AND MEMORANDUM[*] |
| v. | |
| BRIAN PERRYMAN, | |
| Objector - Appellant, | |
| v. | |
| PROVIDE COMMERCE, INC.; REGENT GROUP, INC., a California corporation, DBA Encore Marketing International; ENCORE MARKETING INTERNATIONAL, INC., a Delaware corporation, | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants - Appellees.

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted March 19, 2015[**]
Pasadena California

Before: REINHARDT and GOULD, Circuit Judges and MOTZ,[***] Senior District
Judge.

This case is resubmitted as of the date of this order.

Objector-Appellant Brian Perryman appeals the district court's approval of
the class settlement agreement reached by Defendant-Appellee Provide Commerce,
Inc., Defendant-Appellee Regent Group, Inc., d/b/a Encore Marketing
International, and Plaintiffs-Appellees. Perryman contends that the district court
abused its discretion in approving the settlement agreement and the attorney's fee
award, because the $20 credit offered to the class was a coupon subject to the Class
Action Fairness Act, 28 U.S.C. § 1712. Perryman further contends that the district
court abused its discretion in approving the *cy pres* distribution.

---

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable J. Frederick Motz, Senior District Judge for the U.S.
District Court for the District of Maryland, sitting by designation.

2

This case was originally set for argument on February 2, 2015. That argument date was vacated, and submission was deferred pending resolution of *Frank v. Netflix*, No. 12-15705+. On February 27, 2015, we decided *Frank v. Netflix* (*In re Online DVD-Rental Antitrust Litig.*), No. 12-15705, __F.3d __, 2015 WL 846008 (9th Cir. Feb. 27, 2015). Having reviewed the parties' submissions, we vacate the district court's judgment and remand for further proceedings consistent with *Frank*. Because class settlement is a package deal that must "stand or fall in its entirety," we need not now address whether the district court abused its discretion in approving the *cy pres* distribution. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Pursuant to General Order 4.5(e), each party shall bear its own costs on appeal.

**VACATED AND REMANDED.**